**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 4:96CR00089-002-M

QUENTIN NELSON

**ORDER**

This matter came before the Court upon motion of the Defendant Quentin Nelson for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2), based on the retroactive amendment to the United States Sentencing Guidelines for cocaine base, crack cocaine. A defendant is ineligible for reduction if his sentence did not involve crack cocaine, or if his sentence did involve crack cocaine but the guideline amendment does not have the effect of lowering the defendant's applicable guideline range. After reviewing the defendant's sentence and the sentencing guidelines, the Court finds that the defendant is ineligible for sentence reduction under the amendment to the crack guidelines.

Title 18 U.S.C. §3582(c)(2) permits re-sentencing under the new Guideline amendment only if the defendant's case involved cocaine base, crack cocaine. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c)(2).

In U.S.S.G. §1B1.10, the Commission identified the amendments that a court may apply retroactively pursuant to this authority. Amendment 706, as amended by Amendment 711, is included and applies only to cocaine base, crack cocaine.

Subsection (a) of U.S.S.G. §1B1.10 emphasizes that a defendant may only take advantage of the relief section 3582(c)(2) offers if one or more of the amendments listed in section 1B1.10(c) applies in the defendant's case. U.S.S.G. §1B1.10 provides:

> (a) Authority
> - (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2). As required by 18 U.S.C. §3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> - (2) Exclusions - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if -
>   - (A) none of the amendments listed in substection (c) is applicable to the defendant; or
>   - (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>       . . . .
> (c) Covered Amendments - Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

The U.S.S.G. §1B1.10 Application Note 1 provides:

> (A) Eligibility - Eligibility for consider under 18 U.S.C. §3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, *a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c) and is not consistent with this policy statement if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range* because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. §1B1.10, Application Note 1 (A) (emphasis added).

The record indicates that Defendant Nelson was initially sentenced on March 7, 1997 in Cause No. 4:96CR089-002 to a term of imprisonment for eighty (80) months [doc.33] for conspiring to possess with the intent to distribute cocaine base. Nelson completed his sentence of imprisonment and began serving a term of five (5) years of supervised release. Nelson subsequently violated the terms of his release, as evidenced by a felony conviction in Cause No. 4:05CR077-001 for conspiring to possess with the intent to distribute less than fifty (50) kilograms of marijuana. This conduct resulted in the revocation of Nelson's supervised release.

Nelson was sentenced to a term of thirty-six (36) months of imprisonment on February 21, 2007 [doc. 58] for his involvement in the marijuana offense. On the same date, Nelson was sentenced for violating the terms of his supervised release in Cause No. 4:96CR089-002, resulting in a term of forty-eight (48) months of imprisonment [doc. 61], with said sentence to run consecutively to the sentence in Cause No. 4:05CR077-001.

Nelson completed his term of imprisonment from his 1997 crack cocaine conviction prior to the effective date of the retroactive crack cocaine amendment. His current incarceration is not a "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See*, 18 U.S.C. §3582(c)(2). Accordingly, the motion for reduction of sentence is not well-taken and is hereby DENIED.

SO ORDERED this, the 14th day of September, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**